**Archie R. TOZIAN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–1670.**

United States Court of Veterans Appeals.

Sept. 24, 1992.

Before KRAMER, Associate Judge.

ORDER

The Court has reviewed the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, appellant's informal brief, and the record on appeal.

Appellant currently suffers from Forestier's disease of the thoracic spine (R. at 91) and degenerative joint disease (arthritis) of the spine (R. at 79). (Forestier's disease is defined as "hyperostosis (enlargement) of the anterolateral vertebral column, especially in the thoracic region." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 485 (27th ed. 1985).) Appellant seeks review of the Board of Veterans' Appeals' determination in its most recent (1991) decision that appellant had not submitted new and material evidence to warrant a reopening of his past claim for a back disorder.

The record on appeal reveals the following: While in service (on November 6, 1950), appellant, when undergoing treatment for keratoconjunctivitis (inflammation of the cornea and conjunctiva), also complained of backache extending up to his neck. The examining doctor thought that appellant might have "Reiter's disease" (R. at 17–18); the doctor further noted that appellant's "prostatic fluid [contained a] considerable amount of pus." *Id.* (Reiter's syndrome is defined as "a triad of symptoms of unknown etiology comprising urethritis ([inflammation of the urethra]) conjunctivitis, and *arthritis* (*the dominant feature*) ... chiefly affecting young men, and usually running a self-limited but relapsing course." SAUNDERS ENCYCLOPEDIA AND DICTIONARY OF MEDICINE, NURSING, AND ALLIED HEALTH 1069 (4th ed. 1987).) (Emphasis added.)

To reopen his claim, appellant submitted, among other documents, an examination report, dated July 6, 1973, that states in relevant part:

> [Appellant] was told that it is very possible that he [illegible] Reiter's syndrome some 23 years ago. In any respect [appellant] apparently has been developing a chronic back [sic] over the years with developing arthritic changes. I believe that this is giving him symptoms at the present time that is giving him pain down the left leg and there is the possibility of a herniated disc because of the absent knee jerk on the left side with a decreased pinprick and some atrophy in the left lower extremity. However, he should be treated conservatively. *It is difficult to state positively whether these arthritic changes all relate to his injury ([Reiter's syndrome]) in the service some 23 years ago but according to his history and the findings it is very probably [sic] that this is so.*

R. at 59–60 (emphasis added). Because this report had not been before the BVA when the previous decision had been rendered and because it states a *probable* causal connection between his then present condition and his condition in service, it constitutes new and material evidence adequate to justify the reopening of appellant's claim. *See Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991); 38 C.F.R. § 3.156(a) (1991). The Court observes, however, that this examination took place over 19 years ago, and the examining physician made his conclusion of probable causation without a supporting analysis.

In consideration of the foregoing, it is

ORDERED that the June 10, 1991, decision of the Board of Veterans' Appeals (BVA) is vacated and remanded for a readjudication to determine what relationship appellant's present condition bears to his 1973 condition and his condition in service. Upon remand, appellant is free to introduce additional evidence. In readjudicating appellant's claim, a new medical examination shall be conducted. The BVA is to provide adequate reasons or bases for its determination. *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–59 (1990). It is further

ORDERED that the Secretary's motion is denied.